WELLS, FARGO & COMPANY, Respondent, vs. WALSH, Appellant.

*October 23 — November 13, 1894.*

*Foreign wills: How made effective as to lands in this state: Trust to pay debts: Enforcement by creditor: Jurisdiction of circuit court.*

1. Under sec. 2295, R. S., where a foreign will devised lands in this state to the executrix in trust for the payment of debts, the recording of a·duly authenticated copy of such will and of the probate thereof,

in the office of the register of deeds of the county in which the lands are situated, passes the title to the trustee as effectually as if the will had been probated in the proper court in this state.

2. In such a case, where the executrix and trustee, in fraud of the creditors, has allowed the lands to be sold for taxes, and has procured the issuance of a tax deed to herself, which she claims to be a good title, a creditor may maintain an action in the circuit court to enforce the trust, notwithstanding the fact that by proceeding in the county court to have the will probated and the estate administered he might obtain some part of the relief sought; and all the creditors may be made parties to such action.

[3. Whether under sec. 3793, R. S., if there were no debts due to parties residing in this state, a foreign creditor could, in the county court, proceed further than the mere probate of the will, not determined.]

APPEAL from the Circuit Court for *Jefferson* County. The facts are stated in the opinion.

For the appellant there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

*Harlow Pease,* for the respondent.

WINSLOW, J. This is an action in equity to enforce an alleged trust in favor of the plaintiff in certain lands in Jefferson county in this state. The original complaint in the action has been before this court upon demurrer, and will be found reported in 87 Wis. 67. An adequate statement of that complaint will be there found, and it need not be repeated here. It was there held that the alleged trust had never taken effect in this state, because the will by which the trust was created had never been probated in any of the courts of this state, nor had the will, with its certificate of probate in the probate court of Nevada, ever been recorded in the office of the register of deeds of Jefferson county. R. S. secs. 2295, 3790, 3793. Since that decision the complaint has been amended in several particulars. The principal amendment, and the only one which it

is deemed necessary to state, is an allegation that on the 3d day of July, 1882, a duly authenticated copy of the will, with the certificate of the probate thereof in the state of Nevada, was duly recorded in the office of the register of deeds of Jefferson county. A demurrer to the amended complaint has been overruled, and the defendant again appeals. As will be seen by reference to the report of the former appeal, the land in question was, by the terms of this will, devised to the defendant in trust for the purpose of paying all the debts of the deceased.

The first question in the case is as to the meaning and effect of sec. 2295, R. S. 1878, which provides that when a duly authenticated copy of a foreign will, with the probate thereof in the proper court of another state, is recorded in the office of the register of deeds of any county in which land devised thereby is situated, it "shall be as valid and effectual to pass the title to such lands as if such will had been duly proved and allowed by the proper court in this state." Certainly, if Walsh had been at the time of his death a resident of Jefferson county, and this will had been duly probated in the county court of that county, the title to the lands in question would have passed, by virtue of the will and probate thereof, to the defendant, in trust for the benefit of Walsh's creditors. The words of the statute are plain and unambiguous. There is no room for construction. If they mean anything, they mean that the recording of the certified copy of a foreign will and its probate passes the title to the lands devised by the will as effectually as if the will had been probated in the proper court of Wisconsin.

It follows necessarily that the title to the lands in question is in *Mary Jane Walsh*, in trust to pay the creditors of James Walsh. The plaintiff, according to the allegations of the complaint, is, and was at the time of Walsh's death, a creditor of James Walsh, and consequently one of the

beneficiaries of the trust. Why can it not, by action, en-
force the performance of that trust, when the trustee re-
fuses to do so? We perceive no good reason to the contrary.

But it is said that the plaintiff should proceed in the
county court, because the enforcement of the trust amounts
in fact to an administration of that part of Walsh's estate
which is in Wisconsin. It is true that under sec. 3790,
R. S., the plaintiff might procure probate of the will in the
county court of Jefferson county. Whether, in this case,
the plaintiff could proceed further than the mere probate
of the will, may be a matter of some doubt. Sec. 3793,
R. S., provides that upon the probate of such foreign will
the court shall grant letters testamentary, or letters of
administration with the will annexed, *except* where it shall
appear that there are no debts due from the estate to par-
ties residing in this state. It is alleged in the complaint
that there are no debts due from Walsh's estate to residents
of Wisconsin. We do not deem it necessary, however, to
decide whether this clause would prevent the issuance of
letters in a case where there are no debts due to residents
of this state. In our opinion the case presented is one
which calls for the exercise of the general equity powers
of the circuit court, notwithstanding the fact that the
plaintiff, by proceeding in the county court, might obtain
some part of the relief which it seeks.

The complaint charges that the defendant has, in fraud
of the plaintiff's rights, allowed the taxes to remain unpaid
upon the lands, and procured to be issued to herself a tax
deed upon the same, which she now claims to be a good
title. This introduces a fact in the case peculiarly appro-
priate for the exercise of the powers of a court of general
equity jurisdiction. The setting aside of this deed is abso-
lutely essential to the full and adequate measure of relief
to which the plaintiff is entitled, if its complaint be true.
Without this relief it has not fully subjected the land to

its rights as beneficiary of the trust. This consideration certainly brings the case within the line of cases in this court which uphold the jurisdiction of the circuit court in the administration of trusts. *Hawley v. Tesch*, 72 Wis. 299; *Lamberton v. Pereles*, 87 Wis. 449. No reason is perceived why the trust now existing in this land in favor of the creditors of the estate of Walsh may not be administered in the circuit court, which has full and plenary power in such matters. If there be other creditors than the plaintiff the court can readily ascertain that fact, and they may be made parties to the action. We think the demurrer was properly overruled.

*By the Court.*— Order affirmed.