In re Box's Will, 127 Wis. 264.

In re Box's Will: Burden and others, Appellants, vs. Blakey, Administrator, and another, Respondents.

*January 31—February 23, 1906.*

*Appeal from county court, how taken: Filing notice of appeal: Undertaking: Discretionary orders: Authentication of records: "Exemplified copy:" Jurisdiction: Foreign wills: Attempted probate in Wisconsin.*

1. Under sec. 4031, Stats. 1898, an appeal from an order or judgment of a county court is taken by filing the prescribed notice within the sixty days allowed, and an undertaking perfecting such appeal filed a few days after the expiration of the sixty days, if otherwise sufficient, should be accepted and approved by the county court.

2. In such situation, if the county court refuses to approve such undertaking, the circuit court on petition should, under the provisions of sec. 4035, Stats. 1898, allow such appeal upon such terms and within such time as that court deems to be reasonable, and the denying of such a petition is an abuse of discretion.

3. In order to entitle the records and judicial proceedings of the courts of other states and countries to the faith and credit required by constitutional mandate, it must appear, in the manner prescribed by law, that the court rendering the same had jurisdiction.

4. Under the provisions of secs. 3787, 3789, 3790, Stats. 1898, governing the probate of foreign wills, and secs. 4140, 4145, Stats. 1898, and sec. 905, R. S. of U. S., governing the authentication of the records of a foreign court, the "exemplified copy" of a foreign will and of the record admitting the same to probate means a duplicate or transcript of the will and of the records or proceedings in the probate court admitting such will to probate, duly certified by the custodian as having "been by him compared with the original," and on failure to comply with such requirement the county court to which application to admit such foreign will is made does not acquire jurisdiction.

Appeal from an order of the circuit court for Racine county: E. B. Belden, Circuit Judge. *Reversed.*

Appeal from a judgment of the circuit court for Racine county: Warren D. Tarrant, Judge. *Reversed.*

It appears from the record and is undisputed that Henry Box, of Evanston, in Cook county, Illinois, died September 12, 1903, leaving a will executed about a month before, in and by which he gave, devised, and bequeathed all of his property, real, personal, and mixed, to James H. Dale, of Yorkville, Wisconsin, and *James Hibben,* of Evanston, afore- said, in trust as joint tenants and not as tenants in common, for the benefit of his children therein named, with directions as therein stated, and therein nominated, constituted, and ap- pointed said trustees as executors of his will. It appears that that will was filed with the clerk of the probate court of Cook county, Illinois, September 25, 1903. Immediately following the copy of the will in the record are these state- ments:

"Will proved and admitted to record in open court this 20th day of October, A. D. 1903.

"CHARLES S. CUTTING, Probate Judge.

"State of Illinois,  }
  "County of Cook. }  ss.

"In the probate court of Cook county.

"Proved and admitted to record in open court this 20th day of October, A. D. 1903.

"PATRICK J. CAHILL, Clerk."

Then, to prevent the property in Illinois from being lost or destroyed or diminished in value, follows "Letters testamen- tary to *James Hibben*" as executor, purporting to be issued by and under the seal of the probate court of said Cook county, October 20, 1903, and signed "Patrick J. Cahill, Clerk." Then come the following certificates under the seal of said probate court, all under date of October 20, 1903:

"State of Illinois,  }
  "County of Cook. }  ss.

"I, Patrick J. Cahill, clerk of the probate court of Cook county, in the state aforesaid, do hereby certify that the within is a true and correct copy of the last will and testament of Henry Box, deceased, and of letters testamentary issued thereon on the 20th day of October, A. D. 1903, to *James*

*Hibben,* now in force, as it appears from the originals on file and from the records of the probate court in my office.

"In witness whereof, I have hereunto set my hand and affixed the seal of the said probate court, at Chicago, in said county, this 20th day of October, A. D. 1903.

"PATRICK J. CAHILL, Clerk."

Also the certificate of the clerk of said probate court to the effect that he was the keeper of the records and files of said probate court and that the annexed and foregoing was a true and correct copy of the said will as it appeared from the original on file and from the records of said court in his office. Also a certificate of said probate judge to the effect that the person whose name was subscribed to the foregoing certificate of attestation was and is such clerk and the keeper of such records, files, and seal, duly elected and qualified as such, and that full faith and credit ought to be given to all his official acts as such, in all courts of record and elsewhere, and that his said attestation is in due form of law and by the proper officer. Also a certificate of said clerk to the effect that the person whose name was subscribed to the annexed and foregoing certificate was at the time and now is such probate judge, duly elected, commissioned, and qualified, and that his signature was genuine.

November 17, 1903, upon the petition of said James H. Dale, filed in the county court of Racine county October 21, 1903, and notice given, it was ordered and decreed by the county court of Racine county, in effect, that said authenticated copies of the probate court of Cook county be allowed, filed, and recorded, and have the same force and effect as if said will had been originally proved and allowed in the county court of Racine county; and it appearing that said *Hibben* was a resident of Illinois and did not desire to act as executor in this state and that said Dale is a resident of Racine county, it was therefore ordered that said Dale be and he was thereby decreed as sole executor of said will in and so far as the same

In re Box's Will, 127 Wis. 264.

related to the estate in Wisconsin, and that, upon his being qualified, letters testamentary be issued to him.

On or about January 11, 1904, notice of appeal to the circuit court from such order, judgment, and determination admitting such will to probate. and issuing letters testamentary thereon to James H. Dale was duly given by heirs at law and legatees and devisees named in the will to such county judge and to all others concerned, and duly filed therein. January 12, 1904, the said appellants tendered to the county court an undertaking on such appeal executed by the United States Fidelity & Guaranty Company, duly licensed to execute bonds, and a copy of whose license was on file in the county court of Racine county, but the county court refused to approve the said bond on the ground that it was not signed by the appellants. Thereupon the appellants signed the bond and undertaking for the purpose of taking such appeal, and tendered the same to the county court for that purpose January 18, 1904, a few days after the expiration of the time for taking the appeal, but the county court refused to approve the bond for the reason that the certificate of the commissioner of insurance was not attached thereto, showing the company was licensed to do business in the state of Wisconsin. January 22, 1904, the appellants made their verified petition showing the facts mentioned and particularly as to the giving of said bonds, and prayed the county court to allow an appeal to be taken from said judgment and order pursuant to the statutes of the state upon such terms and within such time as it should deem reasonable, and prosecuted in like manner and with like effect as though done seasonably, and annexed to said petition was a copy of said bond; and thereupon and on January 29, 1904, the circuit judge ordered said Dale to show cause February 4, 1904, why an order should not be made allowing said appellants to appeal to the circuit court as prayed for in said petition, and upon such petition and showing the circuit court on October 23, 1905, ordered that said petition be and

the same was thereby in all things denied without costs to either party, from which said order the appellants appeal to this court.

On February 20, 1904, said Dale died. Thereupon and in February, 1904, *Mrs. Blaine,* the Wisconsin heir at law and one of the legatees and devisees named in said will, petitioned said county court of Racine county for the appointment of *John S. Blakey* as administrator with the will annexed, and thereupon and in March, 1904, said *Hibben,* as such executor in Illinois, petitioned the county court of Racine county to be appointed as such executor in Wisconsin, and two other heirs at law, legatees and devisees named in said will, also petitioned the county court of Racine county that said *Hibben* be so appointed. Upon due notice and hearing of the parties the county court of Racine county on April 12, 1904, ordered and adjudged that *John S. Blakey* be and he thereby was appointed such administrator with the will annexed *de bonis non.* From that order and judgment the *Burdens,* being heirs at law and legatees and devisees named in the will, and *Hibben* appealed to the circuit court May 2, 1904. On May 19, 1904, the county judge of Racine county certified to the circuit court copies of the records and proceedings appealed from, including the order and judgment of April 12, 1904, and letters of administration issued thereon with such certified copies of such will and appeal papers. Thereupon the cause was heard in the circuit court, and upon November 15, 1904, the circuit court found as matters of fact several of the facts above set forth; and as conclusions of law the circuit court found in effect (1) that it was the duty of the county court of Racine county, upon the application made, to grant administration of said estate to some suitable and competent person as administrator *de bonis non* with the will annexed on the death of said James H. Dale; (2) that said application was properly and seasonably made and the county court exercised a proper discretion and proceeded according to law in making

the order appealed from, appointing the said *John S. Blakey* such administrator with the will annexed; (3) that said order of the county court of Racine county, so appointing *Blakey,* was *res adjudicata* and should not be disturbed; (4) that said *Blakey* was entitled to recover from the appellants his taxable costs and disbursements on that appeal and ordered judgment to be entered accordingly, and that the records be remitted to· the county court for further proceedings according to law. Thereupon and on December 10, 1904, it was ordered and ad-- judged by the circuit court that the order of the county court of Racine county made April 12, 1904, appointing said *Blakey* such administrator, be and the same was thereby af- firmed, with costs against the appellants, taxed at $39.46, and' it was ordered that the records be remitted to the county court. From that order and judgment the said *Burdens* and *Hibben* appeal.

For the appellants there were briefs by *John W. Owen* and' *Kearney, Thompson & Myers,* attorneys, and *Elmer W. Ad- kinson,* of counsel, and oral argument by *Mr. Owen* and *Mr. W. D. Thompson.*

For the respondents there were briefs by *Palmer & Git- tings,* and oral argument by *C. C. Giltings.*

CASSODAY, C. J. 1. The notice of appeal to the circuit court from the order, judgment, and determination of the· county court made November 17, 1903, admitting the will to· probate and issuing letters testamentary thereon to Dale, was filed with the county court on or about January 11, 1904,. and hence within sixty days after the rendition of such judg· ment, as prescribed in the statute. Sec. 4031, Stats. 1898. That section declares that such appeal may be taken by filing· such notice within sixty days, "together with such undertaking as is required in the next section." Sec. 4032, Stats. 1898. In this case an undertaking was filed January 12, 1904, which the county judge refused to approve on the grounds stated,.

and another undertaking was filed January 18, 1904, a few days after the expiration of the sixty days, which the judge also refused to approve. But this court has recently "held that, where a notice of appeal under such section was filed in time, the fact that the undertaking was not filed with the notice was not a fatal defect though it was not filed within the time limited for taking the appeal." *Charmley v. Charmley,* 125 Wis. 297, 103 N. W. 1106. It is evident from the facts mentioned in the foregoing statement that the undertaking of January 18, 1904, tendered to the county court to perfect said appeal, should have been accepted and approved by the county court. Failing to do so, the circuit court should, on February 4, 1904, have granted the prayer contained in the petition of the appellants, verified January 22, 1904, and allowed such appeal from said judgment of November 17, 1903, "upon such terms and within such time" as that court deemed to be reasonable, as mentioned in the statement. It follows from what has been said that the order of the circuit court denying such application twenty-one months after it was made was an abuse of discretion.

2. The important question in the case is whether the county court of Racine county had jurisdiction to make the judgment and order complained of. Of course, the courts of this state were required to give full faith and credit to the records and judicial proceedings in the probate court of Cook county in the state of Illinois. But in order to entitle such records or proceedings to such faith and credit it must appear, in the manner prescribed by law, that the court rendering the same had jurisdiction. *Board of Public Works v. Columbia College,* 17 Wall. 521; *Thompson v. Whitman,* 18 Wall. 457; *St. Clair v. Cox,* 106 U. S. 350, 1 Sup. Ct. 354; *Robertson v. Pickrell,* 109 U. S. 608, 3 Sup. Ct. 407; *Overby v. Gordon,* 177 U. S. 214, 223, 20 Sup. Ct. 603; *Frame v. Thormann,* 102 Wis. 653, 670, 79 N. W. 39; *Wells, Fargo & Co. v. Walsh,* 88 Wis. 534, 60 N. W. 824; *McIntosh v. Marathon*

*L. Co.* 110 Wis. 296, 303, 304, 85 N. W. 976. Some of these cases are quite similar in their facts. Our statutes provide that a "will duly admitted to probate" in another "state and in the place of the testator's domicile may be admitted to probate and recorded in this state by duly filing an *exemplified copy* of said will and of the record admitting the same to probate." Sec. 3789, Stats. 1898. And that "when a copy of any such will and the probate thereof, duly authenticated, shall be produced by the executor or other person interested therein to the county court, such court shall appoint a time and place of hearing, and cause notice thereof to be given as required by sec. 3787. If on the hearing it shall appear to the court that the order or decree admitting such will to probate was made by a court of *competent jurisdiction* and is still in force, the copy and the probate thereof shall be filed and recorded, and the will shall have the same force and effect as if it had been originally proved and allowed in the same court." Sec. 3790, Stats. 1898. Besides, the statute declares:

"The records and judicial proceedings of any court of the United States or of any state or territory or district thereof shall be admissible in evidence in all cases in this state *when authenticated* in the manner directed in sec. 4140, by the *attestation* of the clerk, prothonotary, or other officer having charge of the records of such court, with the seal of the court annexed." Sec. 4145, Stats. 1898.

The section therein mentioned declares, in effect, that any copy of "the original records, papers and files in or concerning any action or proceeding of any nature or description in any court, being certified by the clerk, judge or justice having legal custody of the original, to have been *by him compared with the original* and to be a true copy thereof, such certificate having affixed the seal of the court or of such officer, if any be required by law to be kept, shall be received with like effect as the original." Sec. 4140, Stats. 1898. In the case at bar no such certificate was affixed. There is a certificate by the

clerk that a paper in the record is a true copy of the will, but there is nothing in the record indicating that the same had "been by him compared with the original." Nor is there anything in the record indicating that the "judicial proceedings" in the probate court of Cook county had ever been "authenticated" or attested in the manner thus prescribed. The statute quoted required as a condition precedent to admitting such will to probate, not only the "filing" of "an exemplified copy of said will," but also "an exemplified copy . . . of the record admitting the same to probate." Sec. 3789, Stats. 1898. So the statute only allowed such foreign will to be admitted to probate in case it should be made to "appear to the court that the order or decree admitting such will to probate was made by a court of competent jurisdiction." Sec. 3790, Stats. 1898. In view of the several provisions of the statutes cited, such "exemplified copy" clearly means a duplicate or transcript of the records or proceedings in the probate court of Cook county admitting such will to probate, "duly authenticated" under the seal of that court and duly certified to by the custodian of such records and proceedings. So far as appears from the record before us, there was a failure to comply with such requirements of the statutes. The same is true as to the mode of authentication and proof of the records and judicial proceedings of the courts of the several states, as prescribed by the statutes of the United States, from which some of the sections of our statutes were taken. Sec. 905, R. S. of U. S. [U. S. Comp. St. 1901, p. 677].

*By the Court.*—The order of the circuit court refusing the application made February 4, 1904, to allow an appeal from the order, judgment, and determination of the county court made in said matter November 17, 1903, is hereby reversed, and the cause is remanded for further proceeding in that regard according to law. And the order and judgment of the circuit court entered December 10, 1904, affirming the order

and judgment of the county court of April 12, 1904, is reversed, and the cause is remanded for further proceedings according to law.