Niles, Trustee, Plaintiff, vs. Rogovsky, Respondent, and Robinson, Appellant.

*November 15, 1923—January 15, 1924.*

*Wills: Distribution of estate: Stipulation of beneficiaries changing testator's plan: Effect in county court: Assignment to trustees: When estate is settled.*

1. Where a testator gave the residue of his property to trustees with directions to convert it into money and at the end of ten years pay a specified portion thereof to his widow and the remainder to named legatees, but the widow, pursuant to a stipulation entered into by some of the residuary legatees, renounced under the will and took under the statute, the surviving trustee, on termination of the trust, was required to distribute the residue in accordance with the will and not in accordance with the stipulation, since the estate was not settled when the residue was turned over to him, but remained in process of settlement; and the county court continued to exercise control over it until the termination of the trusteeship and the distribution of the residue by the trustee in accordance with the will.   p. 376.   Rosenberry, J., dissents.

2. Any rights growing out of the stipulation could not be enforced in a proceeding incident to the administration of the estate, it being the trustee's duty to distribute the residue in the manner specified in the will.   p. 377.

Appeal from an order of the circuit court for Milwaukee county: Walter Schinz, Circuit Judge.   *Affirmed.*

The appeal is from an order sustaining a demurrer to a cross-complaint.

This action was brought in the circuit court for Milwaukee county by the sole surviving trustee of the estate of Edwin Reynolds, deceased, against two of the residuary legatees under the will, for the purpose of requiring these legatees to establish such right, title, and interest as they or either of them may have in and to the trust fund still in the hands of the trustee.   The plaintiff has no interest in the controversy.   The contest arises from the conflicting claims of the defendants upon the trust fund remaining in the hands of said trustee.

Edwin Reynolds died February 19, 1909, leaving surviving him his widow and an adopted daughter. His will, executed September 9, 1905, was duly offered for probate. After making several specific bequests, including an annuity of $3,000 per year to his wife for a period of ten years, he gave the residue and remainder of his estate to trustees to be administered by them for a period of ten years, during which time said trustees were directed to convert all of the property of said estate coming into their hands into money and to pay the same at the end of said ten years to upwards of twenty residuary legatees named in said will, thirty per cent. of said residue to be paid to his widow. An adopted daughter, *Emma R. Robinson,* to whom was bequeathed five per cent. of said residue, filed objections to the probate of said will. Before hearing, said objections were withdrawn pursuant to a stipulation entered into by all of the residuary legatees except one, by which it was stipulated that the widow should renounce under the will and take under the statute. It was assumed in the stipulation that thirty per cent. of the residue, which by the terms of the will would go to the widow, would descend to the adopted daughter, *Emma R. Robinson,* as intestate property, and it was stipulated that said thirty per cent. should be paid to said *Emma R. Robinson* "as such heir at law, by the executors of said will, at the time of the payment of the specific legacies and the widow's share of such estate, which distribution shall be made as soon as practicable after the expiration of the time limited for creditors to file claims against said estate under the laws of the state of Wisconsin." The will was then admitted to probate and the widow filed her election to take under the statute instead of under the will. Subsequent to the probate of the will the residuary legatee, declining to sign said stipulation, petitioned the probate court alleging doubt about the proper construction, meaning, and effect of said will taken in connection with the stipulation and agreement of the widow to take the provision made by law.

The court held that the thirty per cent. of the residue of the estate which the widow declined to take did not become intestate property but remained a part of the residuum of the estate and should be distributed among the residuary legatees in the proportions provided by the will. That judgment was affirmed by this court in *Will of Reynolds*, 151 Wis. 375, 138 N. W. 1019. In due course the estate passed to the trustees under the will. The ten-year period of their administration expired on the 19th day of February, 1919. The will bequeathed to *Emily Rogovsky* five per cent. of the residue of said estate. On the 13th day of February, 1919, *Emma R. Robinson* demanded of the trustee that the interest of said *Emily Rogovsky* in and to that portion of the residue which by the terms of the will was to be paid to the widow be paid by the trustee to said *Emma R. Robinson*. Owing to this demand the trustee was in doubt as to whom he should pay this portion of the residue and, accordingly, brought this action in the circuit court for Milwaukee county, in which judgment was demanded: "first, that the defendants *Emily Rogovsky* and *Emma R. Robinson* be required to interplead herein and establish such right, title, and interest as they may either of them have in and to said trust fund hereinbefore mentioned. Second, that the plaintiff, upon depositing said trust fund with the clerk of this court, be discharged from all liability to either of the said defendants." The defendant *Emma R. Robinson* interposed a cross-complaint against the defendant *Emily Rogovsky* alleging substantially the facts herein set forth, praying that the plaintiff as trustee of the estate of Edwin Reynolds, deceased, be required to pay to defendant *Emma R. Robinson Emily Rogovsky's* proportion of the thirty per cent. of said residue of said estate. The defendant *Emily Rogovsky* demurred to the cross-complaint, which demurrer was sustained by the court. From said order *Emma R. Robinson* brings this appeal.

*A. C. Umbreit* of Milwaukee, for the appellant.

For the respondent there was a brief by *H. K. Curtis* and *McGovern, Hannan, Devos & Reiss,* all of Milwaukee, and oral argument by *John J. Devos.*

OWEN, J.  Without pausing to inquire whether, in view of the broad control which county courts exercise over testamentary trustees (ch. 174, Stats.), the circuit court had jurisdiction of this action, or whether, if it did have jurisdiction, it should have been exercised (*Pietraszwicz v. Pietraszwicz,* 173 Wis. 523, 181 N. W. 722), we proceed to a consideration of the merits.

Appellant contends that she is entitled to the relief prayed for in her cross-complaint on the following grounds: first, the distributive share of respondent, including the increase, became vested at death of testator, assignable and transferable; second, by signing the stipulation and agreement in question respondent assigned and transferred the increase to her distributive share to appellant; and third, the law of estoppel will not permit respondent now to claim that the agreement in question is not binding upon her.  The legal effect of the stipulation or agreement cannot be inquired into in this action.  On the former appeal (*Will of Reynolds,* 151 Wis. 375, 138 N. W. 1019) it was held upon the authority of *Will of Dardis,* 135 Wis. 457, 115 N. W. 332, and *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778, to which now may be added *Estate of Staab,* 166 Wis. 587, 166 N. W. 326, and *Estate of Sipchen,* 180 Wis. 504, 193 N. W. 385, that an agreement or stipulation such as this by the beneficiaries of the will cannot authorize a distribution of the estate different from that provided for in the will. This is recognized by the attorney for the appellant, but he contends that it is not applicable to the present situation because the estate was distributed when it was turned over to the trustees.  With this we cannot agree.  Upon the for-

men appeal the court used this language, to be found on page 384 of the reported case:

"While the widow's renunciation may affect the quantity of the residue, it cannot affect his disposition thereof, and it must be held by the trustees for the purpose of distributing the same among the beneficiaries he designated, that is, the residuary legatees after the widow dropped out. In view of this disposition of the property under the will, it must follow that the stipulation of the parties for a distribution of the estate contrary thereto must be disregarded, and that the executors and trustees must carry out and execute the will in accordance with its terms."

It will be noted that the court specifically declared that the disposition made by the will was binding upon the trustees as well as the executors. If it be contended that this declaration was not necessary to a decision of the question there presented, and that it amounts to nothing more than *obiter,* we regard it none the less a correct statement of the law. It is true that for certain purposes an estate is settled when the claims of creditors have been adjusted and the executor discharged. It is settled so far as creditors and third parties are concerned. But when a will creates a trusteeship and the estate is turned over to the trustee for further administration pursuant to the terms of the will under the direction of the county court, the estate is not settled so far as the beneficiaries are concerned until the trusteeship has been terminated and the ultimate beneficiaries have been fully vested with title to the estate. The county court may no more sanction a distribution of the estate by the trustee out of harmony with the terms of the will than it can authorize such a distribution by the executor or administrator. The title of the trustee to property is much the same as that of the executor; the control of the court over the trustee is very similar to its control over the executor; and the control of the court over the estate while in the hands of the trustee is much the same as its control thereof while in the hands of the executor. Until the trusteeship is terminated,

the estate, if not within the custody and control, is under the direction and supervision of the county court, to the end that its ultimate disposition shall be in conformity to the will of the testator.   Ch. 174, Stats.   Until the trusteeship is terminated and distribution made by the trustee in accordance with the terms of the will, the estate has not been settled nor has distribution thereof been made.   In a sense it is *in custodia legis.*   This was recently held by this court in *Estate of Wakefield, ante,* p. 208, 196 N. W. 541.

Our conclusion, therefore, is that the trustee must dispose of the estate remaining in his hands in strict conformity with the terms of the will, and that no other distribution can receive the sanction of the court or relieve him from liability upon his bond.   If appellant has any rights against the respondent growing out of the stipulation, such rights cannot be enforced in any proceeding incident to the administration of a decedent's estate.   Such rights, if any, must be enforced in another forum.

The demurrer to the cross-complaint was properly sustained.

*By the Court.*—Order affirmed.


ROSENBERRY, J. (*dissenting*).   I respectfully dissent from that part of the decision which holds that an estate when it has been assigned to trustees has not been settled and distribution thereof has not been made because the trust has not been executed.   While it is true that the county court, under the provisions of sec. 2443, Stats., has jurisdiction of a trust created by a will which has been admitted to probate in such court, its jurisdiction is not exclusive, and the estate when assigned to the testamentary trustees is settled.

In *Lamberton v. Pereles,* 87 Wis. 449, 58 N. W. 776, it was said:

"The will in question was admitted to probate by the county court of Milwaukee county.   The estate has been fully and finally settled in that court.   Nothing remains but for the trustees to execute the trust as directed by the

will. The jurisdiction of that court, however, is expressly extended by statute 'to all cases of trusts created by will admitted to probate in such court.' Sec. 2443. But such jurisdiction of the county court is not made exclusive. It is to be remembered that the circuit courts have original jurisdiction in all matters, civil and criminal, within this state, not excepted in the constitution nor prohibited by law. Const. art. VII, sec. 8. Such judicial power is vested in such courts, 'both as to matters of law and equity.' Id. sec. 2. The trustees in charge of the estate were within the jurisdiction of the circuit court for Milwaukee county. The contention that that court did not have jurisdiction to prevent the diversion or dissipation of the income of the trust fund, or control the direction of its payment, is clearly untenable. There is no longer any particular reason in this case why such jurisdiction should be confined to the county court."

See, also, *Wells, Fargo & Co. v. Walsh,* 88 Wis. 534, 60 N. W. 824.

Nor do I think the case of *Estate of Wakefield, ante,* p. 208, 196 N. W. 541, is authority for the proposition to which it is cited. That case as I understand it holds that a legacy which is to reach a legatee through a trustee remains a legacy while in the hands of the trustee. Under the provisions of sec. 2443 the county court undoubtedly had control of the trust estate. The question there was, Did the statute construed embrace a legacy which had passed into the hands of a trustee? In my opinion the principle announced in *Will of Dardis,* 135 Wis. 457, 115 N. W. 332, has no application in this case and the order should be reversed.