## LOCKE et al. *v.* RALPH WILLIAMS et al.

PROBATE COURT: JURISDICTION: ASSIGNMENT OF DISTRIBUTIVE SHARE.— The Court of Probates has no jurisdiction to adjudicate upon the validity of an assignment, alleged to have been made by a distributee, of his interest in a decedent's estate; and no power to order distribution to be made to such assignee.

ERROR to the Court of Probates of Rankin county. Hon. James Finlay, judge.

The heirs and distributees of Daniel Williams, deceased, filed their petition in the court below, for distribution of his estate. The plaintiffs in error also filed their petition, asking to be made parties to said proceeding; and alleging that they had purchased the interest of one of said distributees, and praying that his share in the estate might descend to them. The validity of this assignment was denied by the representatives of the alleged assignor, who was dead.

Upon a final hearing, the court dismissed the petition of the alleged assignees, and they appealed.

*W. C. Harper*, for plaintiffs in error.

*T. P. Ware*, contra.

HARRIS, J., delivered the opinion of the court.

The only point presented by the record in this case is, whether the Probate Court, on the petition of the assignee of a distributee, has power to investigate and decide on the validity of the assignee's title to a distributive share in the estate of David Williams, deceased.

This is no longer an open question in this court. It is settled, that the Probate Court has no such power. See cases of *McCoy* v. *Rhodes*, 7 S. & M. 296; *Bennett* v. *Strong*, 26 Miss. R. 116; *Philips* v. *McLaughlin*, Ib. 597; *Wildey* v. *Bonney*, 28 Miss. R.

710; and the late case of *Hill* v. *Hardy & Williams*, Opinion Book, 42.

The judgment of the court below, dismissing the petition, is therefore affirmed.