SCHOENWETTER, Respondent, vs. SCHOENWETTER, imp., Appellant.

*October 3—October 24, 1916.*

*Executors and administrators: Personalty: Equitable title of heirs or legatees: Estoppel: Bills and notes: Consideration: Rights of accommodation maker: Wills: Probate.*

1. Although the title to personal property of a decedent goes to the executor or administrator, the legal heirs or legatees possess the equitable title subject only to the expenses of administration and the payment of debts.

2. One cannot deny a representation which he has made, when by such denial injury would result to another who, having the right to do so, has relied on the representation and based his own conduct thereon.

3. Where, without probate proceedings but pursuant to an agreement in writing among all persons (except possible creditors) interested in the estate of a decedent, one of the heirs, who had possession of the property, executed a note for the value thereof, signed also by an accommodation maker, to a trustee who was to collect the same and divide the money among the heirs, and said heir retained the property to his own use until the note became due four years later, both makers of the note are estopped to assert that it was not valid or was without consideration.

4. No judgment on such note in favor of the trustee could affect the rights of an administrator or executor if one should thereafter be appointed; and before distributing the proceeds of such judgment the trustee should ascertain whether there was a will and, if so, cause it to be probated.

5. Neither presentment of a note for payment nor notice of dishonor is necessary to charge an accommodation maker with liability.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. Affirmed.

This is an appeal from an order sustaining a general demurrer to the answer of the defendant Lewis F. Schoenwetter in an action upon a promissory note of $3,800 executed by the defendant Barney A. Schoenwetter and the appellant, Lewis F. Schoenwetter, as joint and several makers and payable four years after date to the plaintiff, Edward A. Schoenwetter, "as trustee of the estate of Louise Schoenwetter, deceased."

It appeared by the complaint that the plaintiff had not been appointed trustee by any court, but that he was made a trustee by an agreement, of the same date as the note, executed by all the children and heirs at law, ten in number, of one Louise Schoenwetter, deceased, the plaintiff and the defendant Barney being among said heirs but not the appellant, Lewis. This agreement, after reciting the fact of the death of Louise and the desire of the parties to settle her estate without legal

proceedings, states that the estate of the deceased consists of the sum of $3,800, represented by notes and mortgages of that amount "executed to and held by Barney A. Schoenwetter;" that the balance of the estate, after payment of the funeral expenses, is $3,563.27; that the expenses of a headstone and an abstract, as well as the sum of $50 for a cemetery lot, are yet to be paid; that it is agreed that *Edward* be appointed trustee of the estate of Louise to collect the assets, to make the payments still to be made and divide the balance between the parties in equal shares, and that Barney execute and deliver to *Edward* as trustee his secured promissory note for the sum of $3,563.27 (being the balance of the estate after deducting the funeral expenses). The agreement closed with a power of attorney by all of the heirs empowering *Edward* to collect the note and make division of the money among the heirs. The note, as before stated, was executed on the same day and was for the sum of $3,800, but was indorsed on that day with a payment of $236.73, leaving a balance of $3,563.27. Interest falling due April 15, 1911, is indorsed upon the note as paid.

By the first defense in the answer the defendant *Lewis* alleged that he was in fact a surety and not a maker of the note, to the knowledge of the plaintiff, and received no consideration therefor, that the note was not paid at its maturity, and that no demand of payment was made on him, nor did he receive timely notice of the nonpayment thereof. By the second defense it is alleged that neither Barney nor appellant received any consideration for the note nor was either of them indebted to the plaintiff. By the third defense it is alleged on information and belief that Louise died testate, having by will disposed of her property "in various amounts to various of her children," and that hence the liability of the defendant Barney to his mother is only due to the executor or lawful personal representative of the deceased Louise, and not to the plaintiff.

For the appellant there was a brief by *Jeger & Klingel-hoefer* and *Spencer Haven,* and oral argument by *Mr. Lawrence M. Jeger* and *Mr. Haven.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Howard T. Foulkes,* of counsel, and oral argument by *Mr. Foulkes.*

WINSLOW, C. J. The pleadings show that all the persons beneficially interested in the estate of Louise Schoenwetter (whether she died testate or intestate), with the exception of possible creditors, agreed that *Edward* should collect the assets and distribute them, and for that purpose should accept from Barney, in place of the property of Louise in his hands, the present note; that more than four years elapsed after the making of that agreement and note before the commencement of this action; and that there have never been any probate proceedings instituted for the settlement of the estate.

It is well settled that heirs obtain no legal title to personal property by the death of the ancestor, but that the title goes to the executor or administrator. Citation of authorities is unnecessary on this proposition. Legal heirs or legatees, however, are beneficially interested in the estate, and they doubtless possess the equitable title subject only to the expenses of administration and the payment of debts. *Mc-Keigue v. C. & N. W. R. Co.* 130 Wis. 543, 110 N. W. 384.

Nothing they could do would affect the right of a creditor to procure the appointment of an administrator of the estate, or the duty to probate the will (if one exists), but no reason is perceived why the parties now before the court should not be bound by their agreement on well established principles of estoppel. By virtue of the agreement and note Barney has retained to his own use the property of the estate for more than four years. Had these papers not been executed, probate proceedings would unquestionably have been commenced by the other heirs and he would have been required to turn

over the property to the legal representative years ago. Relying on this note as a valid obligation, the other heirs have lost the possession and enjoyment of their shares of the estate for several years. The makers cannot now say that it is not valid. One cannot deny a representation which he has made, when by such denial injury would result to another who, having the right so to do, has relied on the representation and based his own conduct thereon. It is clear that both defendants are estopped from asserting the defense of lack of consideration.

The appellant was liable as maker to the plaintiff notwithstanding he was only an accommodation party. Sec. 1675—55, Stats. (Negotiable Instrument Law). Being a maker, neither presentment for payment nor notice of dishonor was necessary in order to charge him with liability. Sec. 1678, Stats.

No judgment rendered in this case can affect the rights of an administrator or executor if one should hereafter be appointed by the proper court. If there be a will in existence it should be at once probated. No one has any right to suppress or change the terms of a will. *Will of Dardis,* 135 Wis. 457, 115 N. W. 332; *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778. It would be the part of wisdom for the plaintiff, in case he recovers in this action, to take measures to ascertain certainly whether there is a will and, if there be one, cause the same to be probated, before disposing of the proceeds of the judgment.

*By the Court.*—Order affirmed.