ESTATE OF STAAB: HEINZ and another, Appellants.

*January 8—February 5, 1918.*

*Wills: Agreement for different disposition of estate: Testamentary incapacity: Evidence: Adjudication of insanity: Fraud in procuring probate of void will: Duty of county court.*

1. A lawful declaration in a valid will as to the manner in which the testator's property is to be disposed of after his death will be given effect and carried out by the courts, regardless of agreements or stipulations among the interested parties for a different disposition of the estate; but this rule has no application where the will is void for any reason, such as testamentary incapacity.

2. An adjudication of insanity and commitment to a hospital for the insane establish, *prima facie*, incapacity to make a will while such adjudication is in force; and the distinction is manifest between such a case and one in which there was merely the appointment of a guardian under the spendthrift statute.

3. Where a fraud was perpetrated upon a county court in procuring the probate, as a will, of a document executed by a person not competent to make a will, if the estate is still before the court for administration the mere expiration of the time within which an appeal might have been taken from the order admitting the supposed will to probate, or the mere fact that interested persons, knowing the facts, had concealed or withheld them from the court, does not affect the duty of the court to purge its proceedings of the fraud and thereupon to administer

the estate as that of an intestate, wholly disregarding any claims asserted under agreements or stipulations, made with the beneficiaries named in the supposed will, for a different disposition of the property.

APPEAL from an order of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

The appeal is from an order affirming the order of the county court of said county dismissing a petition.

On June 13, 1911, one Clara Staab made what was claimed to be her last will. June 1, 1914, upon hearing in the county court of Dodge county, findings were made to the effect that at the time of the making of the will said Clara Staab was of full age, of sound mind and memory, and that said will was duly executed, and thereupon it was admitted to probate. No appeal was taken from the judgment or order so admitting it to probate.

On June 11, 1915, *Melita Heinz* and *Edmund Teichmiller* made petition to the same county court in substance alleging as follows: That Clara Staab was, upon due proceedings had, committed to the Northern Hospital for the Insane at Oshkosh in June, 1890, and remained at that institution under such commitment until the time of her death; that a guardian was also appointed for her property prior to June 13, 1911; that she left no children, her nearest relatives being sons and daughters of her deceased sister and brother; that the petitioners were two of the children of the deceased sister and were not named in the will; that other nieces and nephews named in the petition were legatees and devisees under the will; that, as petitioners were informed and verily believed, at the time when the last will was executed and signed the said Clara Staab was not of sound mind and memory, was incapable of making such will, and was under undue influence exerted by the legatees and devisees named therein; that she never had been discharged from the hospital for the insane to which she had been committed in 1890; that she

was under guardianship and incapacitated to execute a last will and testament; that the petitioners intended in good faith to contest probate of the pretended will upon the grounds as above stated, but that without fault on their part they did not do so, and did not appeal from the order and judgment admitting the alleged will to probate or file any claim against the estate within the time required by law for the reasons that all of the legatees and devisees named in said will, knowing and having been informed that the petitioners intended to contest said last will and testament, and knowing that the said deceased was not competent to execute said will for the reasons above stated, promised and agreed, in consideration of the petitioners surrendering their rights to contest the will, that the petitioners should be paid out of the estate of said deceased the sum of $700 each; that the petitioners relied upon the statements made by the legatees and devisees and believed that the agreement would be performed; and then found, the time to appeal from such order having expired, that the legatees and devisees did not intend to perform their part of the agreement.

The petitioners asked that the agreement between them and the legatees and devisees be ratified and a trust created in favor of petitioners upon the funds in the hands of the executor to the amount of $1,400, and that such trust be declared a lien upon the property, and that the executor be not discharged from his duties until he had paid to the petitioners the $1,400; and for such other and further order or relief as under the circumstances may be just and equitable.

The will is not in the record before us and nothing is here shown as to the nature of the property she left or the manner of distribution. No testimony was taken upon this petition in either of the courts below.

Objections treated as a demurrer to this petition were interposed on behalf of the executor of the estate of the deceased and one of the heirs at law and legatees, and a motion by

them for the dismissal of the petition was granted by the county court. An appeal was taken to the circuit court, the order of the county court was affirmed with leave to the petitioners to amend the petition, and from the order of the circuit court an appeal was taken to this court.

For the appellants the cause was submitted on the briefs of *Lueck & Kuenzli,* attorneys, and *Otto Kuenzli,* of counsel, all of Watertown.

*Geo. B. Swan* of Beaver Dam, for the respondent *Ferdinand G. Schliewert,* executor.

ESCHWEILER, J. By the cases of *Will of Dardis,* 135 Wis. 457, 115 N. W. 332, and *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778, it is the declared law of this state that, given a valid will and a lawful declaration by a competent testator as to the manner in which the property that was his is to be disposed of after his death, it is the duty of the court having probate of the estate to carry out the wishes of such testator regardless of the wishes or agreements of those who may be beneficially entitled in the estate; that parties interested in such an estate cannot make a valid and binding contract or stipulation providing for a different disposition which will be enforced by a court. It is the duty of the court as an obligation resting upon it as a court, as a duty *ex officio,* and for reasons of public policy, to see to it that the wishes of the one who is no longer in existence as to the lawful disposition of that which was once his, shall be fully and properly carried out. There is no disposition to recede from the policy declared in those cases or to change the rule that parties to any such agreement or stipulation cannot have the same enforced by the court. And this necessarily also determines that the petitioners acquired no rights under the alleged stipulation between them and the other relatives of deceased which the court will or should recognize or enforce.

That doctrine, however, does not necessarily determine

that the conclusions of the court below, in dismissing the petition, were right.

It is evident that there is a substantial difference between the two cases above cited and the case at bar.  In the *Dardis Case* there was a stipulation to the effect that the testator was mentally incompetent to make a will and an agreement that the estate might be disposed of by administration, but upon appeal to the circuit court there was a trial *de novo* and a finding that the testator was sane and the will properly executed.  Those facts so found as to its being a valid will then became a premise upon which the conclusion properly followed that a stipulation by those interested in the estate, providing for a different disposition than that of the testator, should not be upheld.

In the *Rice Case* there was a stipulation reciting that a contest had been proposed on the suggested ground of the incompetency of the testator, yet in disposing of that case in this court it was determined that from all the record it was apparent that there was no serious contest really considered, and in that case again, as in the *Dardis Case,* it was assumed that the will, the terms of which it was proposed by agreement to vary, was a valid will.

In the subsequent cases of *Will of Reynolds,* 151 Wis. 375, 384, 138 N. W. 1019, and *Schoenwetter v. Schoenwetter,* 164 Wis. 131, 135, 159 N. W. 737, the references to this doctrine evidently recognize that it is based upon this assumption: that there is a valid will which must be upheld.

Here, however, if the allegations of the petition are true, there is a situation disclosed which would necessarily negative the existence of the premise upon which the doctrine of the cases above cited was based.  If, as a matter of fact, Clara Staab was not legally competent to make a will, there was in effect a fraud perpetrated upon the court in the presenting of such a document for probate and supporting it by testimony tending to establish that it was the valid will of a

competent testatrix.    It is as much the duty of a court administering the estates of deceased persons to see to it that it does not attempt to administer a void document which has been palmed off on it as a valid one as it is to see to it that the terms of a valid will are not altered.

The adjudication of insanity and the commitment to the hospital for the insane would establish at least a *prima facie* incapacity for making a will while such adjudication of insanity is in force.     *Woodville v. Morrill,* 130 Minn. 92, 153 N. W. 131; *Wheelock's Estate,* 76 Vt. 235, 56 Atl. 1013; *Cowdry's Will,* 77 Vt. 359, 60 Atl. 141; *Hoopes' Estate,* 174 Pa. St. 373, 380, 34 Atl. 603; *Hoffman's Estate,* 209 Pa. St. 357, 360, 58 Atl. 665.

The distinction is very manifest between such an adjudication of and continued commitment for insanity as bearing upon testamentary capacity and the mere appointment of a guardian under the spendthrift statute such as is passed upon in the cases of *Estate of Bean,* 159 Wis. 67, 82, 149 N. W. 745; *Small v. Champeny,* 102 Wis. 61, 78 N. W. 407; *Will of Slinger,* 72 Wis. 22, 37 N. W. 236; *Slaughter v. Heath,* 127 Ga. 747, 57 S. E. 69, 27 L. R. A. N. s. 1, note p. 54.

The mere fact that the year had gone by in which a formal appeal might be taken from the order admitting the will to probate, or that interested persons, knowing the facts, concealed or withheld them from the court, does not alter the position of the county court itself, having, as here, the matter of the estate still before it to take the proper steps on its own motion to determine whether or not there has been such fraud perpetrated upon it under the guise of regular proceedings.     While the estate is still before the court for administration it is still before it to have its proceedings purged of fraud, and the mere passing of the time within which parties might appeal to another tribunal is immaterial.     *Parsons v. Balson,* 129 Wis. 311, 109 N. W. 136; *Estate of*

*O'Neill,* 90 Wis. 480, 63 N. W. 1042; *Scheer v. Ulrich,* 133 Wis. 311, 113 N. W. 661; *Brook v. Chappell,* 34 Wis. 405.

It is therefore proper that the court having jurisdiction of the administering of the estate of the deceased Clara Staab, of its own motion, it now having had the matter called to its attention, proceed to determine whether or not that which has been admitted as a valid will was in fact no will and that the facts so showing such invalidity had been fraudulently concealed from it, and, if so found, to then administer the estate under the law as that of an intestate, entirely disregarding any claim of right or interest that the petitioners might try to assert under any such alleged stipulation or agreement as is set forth in their petition. The record, therefore, should be remitted to the probate court of Dodge county for such further proceedings as justice may require. If authority need be cited for so returning this record for other proceedings or relief than that which may have been asked by the parties, it may be found under sec. 2836*b,* Stats. *Peters v. C. & N. W. R. Co.* 165 Wis. 529, 162 N. W. 916; *Micek v. Wamka,* 165 Wis. 97, 161 N. W. 367; *McDonald v. Apple River P. Co.* 164 Wis. 450, 160 N. W. 156; *Komorowski v. Jackowski,* 164 Wis. 254, 159 N. W. 912.

*By the Court.*—The order of the circuit court is reversed, and the action remanded to the circuit court to be remanded to the county court for further proceedings therein in accordance with this opinion. Respondent to pay the clerk's fees of this court; no other costs or disbursements to be allowed.