ESTATE OF SIPCHEN.

*April 3—May 1, 1923.*

*Executors: Jurisdiction of county court: Over beneficiaries of estate: Over subject matter: Nature of proceedings: Jurisdiction of circuit court: Advancements: When charged against heir or legatee: Agreement among legatees as to advancements: Effect.*

1. Under sec. 2443, Stats., defining the jurisdiction of the county court, it has jurisdiction over the persons of the beneficiaries named in a will which is admitted to probate in that court.
2. The jurisdiction of the county court over the subject matter in probate proceedings is designed to enable creditors to present their claims and participate in the distribution of the assets and to distribute the remainder of the property in accordance with the provisions of the will.

3. Proceedings in the probate court are in the nature of proceedings *in rem,* and are designed to affect the property of the deceased solely in order to accomplish the fundamental objects for which the court takes jurisdiction and pursues administration.
4. While the circuit court as a court of general jurisdiction can, under certain conditions, administer an estate of a decedent, its general jurisdiction is suspended in the interests of the county court unless the latter does not afford a complete and adequate remedy.
5. The doctrine of advancements (secs. 3956–3961, Stats.) is based on the assumed desire of the donor to equalize the distribution of his estate and does not apply where the deceased leaves a will, in which case it is presumed that he has duly considered any advancements made and that the distribution in accordance with the will represents his wishes in the matter.
6. An executor is a person appointed by the testator to carry out the directions and requests in the will and to dispose of the property according to the testamentary provisions, and his only duty is to carry out such provisions.
7. Where a gift by a deceased during his lifetime becomes an advancement, the amount thereof can be deducted from the donee's share in the estate; but the donee incurs no obligation to pay to the estate an excess if his distributive share is less than the amount of the gift, as is the case where a legatee is indebted to the estate.
8. Where the testator in his will made no reference to advancements by him to some of his children, an agreement among them designating the amount of such advancements and providing that they should be deducted from the share of those to whom they were made, provided for a distribution of testator's estate in a manner different from that prescribed by the will, and therefore the county court was without jurisdiction in the probate proceedings to adjudicate the validity of that agreement and to direct the executrix to make distribution in accordance with its terms.
9. Parties interested in an estate have a right, before final distribution, to dispose of their shares by contract or otherwise, and such disposition may be given effect by proper proceedings or in an action in a court of competent jurisdiction.

APPEAL from an order of the county court of Milwaukee county: JOHN C. KAREL, Judge. *Dismissed.*

The .appeal is from an order and judgment under and pursuant to which an alleged agreement entered into by certain children of the deceased was adjudged a valid and binding agreement as to the interests of the adult children so agreeing, and by which it was held that certain sums specified in such agreement shall be considered in the nature of advancements, the amounts thereof to be deducted from the shares of the respective children, the amounts so deducted to become a part of the residuum of the estate and to be assigned as residuary property in accordance with the residuary clause of the will.

*Arthur Snapper* of Milwaukee, for the appellants.

*F. X. Swietlik* of Milwaukee, for the respondents.

A brief was also filed by *Alex. P. Greenthal* of Milwaukee, guardian *ad litem*.

DOERFLER, J. On April 4, 1921, John J. Sipchen died testate, leaving him surviving his widow, eight children, and two minor grandchildren, children of a deceased daughter, Theresa M. Hummer. Under the will, which was duly admitted to probate, the sum of $15,000 was left in trust, the income thereof to be paid to two of testator's children, namely, Rose Sipchen and *Anastasia Sipchen*. To the widow, *Lena Sipchen*, there was bequeathed and devised the sum of $5,000, the household furniture, and the use of the homestead. All the residue and remainder of the estate of the deceased was equally divided between the widow and the children of the deceased. Two of the children, *Charles Sipchen* and *Anastasia Sipchen*, were appointed as executor and executrix.

Upon admission of the·will to probate due administration was thereupon had in the county court of Milwaukee county, and prior to the entry of a final decree a petition was filed by *Anastasia Sipchen*, executrix, in which, among other things, she prayed that in the final distribution of the assets of said

estate a certain alleged agreement entered into by and be-
tween certain of the parties interested in the estate should be
given legal effect and considered in such final distribution.
The agreement is as follows:

"STATE OF WISCONSIN,
"*Milwaukee County—County Court—In Probate.*
"In the Matter of the Estate of John J. Sipchen, deceased.

"We, the undersigned, mutually agree that we have re-
ceived from the above named deceased, during his lifetime,
the following advancements, set opposite our respective
names, said advancements to be taken into consideration and
deducted from each respective equal share left to us in and
by the will of said deceased:

John G. Sipchen ......................$4,000
Charles Sipchen ....................... 1,500
Peter Sipchen ......................... 4,000
Mrs. George Roemer .................. 4,000
Mrs. Charles Priester ................ 4,200
Mrs. Theresa Hummer ............... 8,500

"Dated this 25th day of April, 1921.

> "J. G. SIPCHEN,
> "CHARLES SIPCHEN,
> "PETER SIPCHEN,
> "MRS. CHARLES PRIESTER,
> "MRS. GEORGE ROEMER,
> "S. T. HUMMER,

"(Husband of Mrs. Theresa M. Hummer, deceased)."

Upon a hearing had in such matter the county court found
that the agreement is a valid and binding agreement between
the parties, except as to the two minors, *Robert Hummer*
and *Mary Hummer,* and it was ordered and adjudged that
in the distribution of the assets of the estate the executor
and executrix be required to deduct from the respective
shares due the adult children who signed said agreement
the amounts set opposite their respective names in said
agreement, and that the sums so deducted shall be distributed
in accordance with the residuary clause of said last will and
testament.

The five children whose interests were affected by the judgment of the county court, upon exceptions duly filed, thereupon prosecuted this appeal to this court.

Has the county court, in the exercise of the jurisdiction conferred upon it by the provisions of the statutes, the power to recognize the agreement so entered into and to give it legal effect in its final decree?    Sec. 2443, Stats., defines the jurisdiction of the county court, and that portion of the statute involved reads as follows:

"Section 2443.    The jurisdiction of the county court shall extend to the probate of wills and granting letters testamentary and of administration on the estates of all persons deceased . . . ; to all cases of constructions of wills admitted to probate in such court; . . . and such court shall have and exercise such other jurisdiction and powers as are or may be conferred by law."

"The jurisdiction is limited, as to the subjects to which it attaches, to matters prescribed by law, but is general as to all matters in which it has any jurisdiction."    Gary, Probate Law (3d ed.) p. 18, § 23.

Under the jurisdiction so conferred by statute the court clearly had jurisdiction of the persons, they being among the beneficiaries provided for in the will.    Did the court, however, have jurisdiction of the subject matter involved in this agreement?    The court's jurisdiction of the subject matter is designed primarily for two purposes: first, to enable creditors of the deceased to present their claims for adjudication, so as to enable them to participate in the distribution of the assets; and second, to distribute the remainder of the property in accordance with the provisions of the last will and testament.    Proceedings in the probate court are in the nature of proceedings *in rem,* and are designed to affect the deceased's property solely in order to accomplish the fundamental objects for which a county court takes jurisdiction and pursues administration.    If it can be legally held that

the amounts involved in the agreement are referable to the estate of the deceased and that such amounts properly constitute a part of the deceased's estate, the county court has primary jurisdiction, and, in a sense, exclusive jurisdiction, for under the repeated decisions of this court, while the circuit court as a court of general jurisdiction under certain conditions can administer, nevertheless its general jurisdiction is suspended in the interests of the county court unless the latter does not afford a complete and adequate remedy.

Had the deceased died intestate, the agreement, if valid, unquestionably could be taken into consideration. See secs. 3956–3961, Stats.

"The doctrine of advancements is . . . based on the as-. sumed desire of the donor to equalize the distribution of his estate among his children. Hence the very foundation of the rule prevents the doctrine from applying unless the ancestor dies wholly intestate, and such is the general rule in the absence of statute, both in England and in the United States." 1 Ruling Case Law, p. 657, § 6.

Where, however, the deceased leaves a will, it must be assumed that any and all advancements have been duly considered by the testator, and that the distribution of his estate to the objects of his bounty in accordance with the will represents his wishes in the matter, and the will when admitted to probate becomes final on the subject. By this it is not intended, however, that a testator cannot by the terms of his will provide that advancements shall be taken into consideration in the disposition of his estate, but that in a testate's estate the advancements become effective merely by virtue of the provisions of the testamentary instrument. There is nothing in the will which discloses an intention of the testator to distribute his estate upon any theory or scheme involving advancements. Special provisions are included in the document for certain members of his family, and the only provision which pertains to an equality of distribution

is contained in the residuary clause, pursuant to which the residuum is to be equally divided between the widow and the children.

"An executor is a person appointed by a testator to carry out the directions and requests in his will, and to dispose of the property according to his testamentary provisions after his decease." 18 Cyc. pp. 55, 56, sub. B. *Jones v. Roberts,* 84 Wis. 465, 471, 54 N. W. 917.

It is clear, therefore, that the only duty devolving upon the personal representatives in this case, as in all cases of executors, is to execute and carry out the provisions of the will, and in order that these obligations may be performed the statutory power and jurisdiction of the county court is granted. In some jurisdictions it is held that a county court can assign the share of a legatee to an assignee, while in others the court cannot legally take cognizance of an assignee, but must assign the legacy in accordance with the provisions of the will. *Bergeron v. Cote,* 98 Me. 415, 57 Atl. 584; *Portevant v. Neylaus,* 38 Miss. 104; *Locke v. Williams,* 36 Miss. 187.

Where a gift by a deceased during his lifetime becomes an advancement, the amount thereof can be deducted from the donee's share in the estate, but the donee incurs no obligation to pay to the estate an excess where his distributive share is less than the amount of the gift. Where, however, one entitled to a legacy or a devise is indebted to the estate, the whole amount of such indebtedness may be recovered, regardless of the share of the debtor in the estate.

There is nothing in the record or in the will to establish a debt on the part of the appellants. The agreement specifically refers to advancements. Consequently, no legal liability of appellants exists independent of the agreement. The amounts to be contributed by appellants cannot be deemed legally to be a portion of the estate to be distributed, nor has the executor or executrix any authority at law to

administer thereon.    The agreement, assuming it to be legal and binding, amounts to an appropriation on the part of the signers to a portion of the estate to which they are legally entitled, for the benefit of .others interested in the estate.    Assuming that such agreement is intended to bind the executor and executrix, it would result in a distribution of the assets not contemplated by the provisions of the will and in a distribution contrary to and in direct violation of the testamentary provisions.

In *Estate of Staab,* 166 Wis. 587, 166 N. W. 326, it is said:

"By the cases of *Will of Dardis,* 135 Wis. 457, 115 N. W. 332, and *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778, it is the declared law of this state that, given a valid will and a lawful declaration by a competent testator as to the manner in which the property that was his is to be disposed of after his death, it is the duty of the court having probate of the estate to carry out the wishes of such testator, regardless of the wishes or agreements of those who may be beneficially entitled in the estate; that parties interested in such an estate cannot make a valid and binding contract or stipulation providing for a different disposition which will be enforced by a court.    It is the duty of the court as an obligation resting upon it as a court, as a duty *ex officio,* and for reasons of public policy, to see to it that the wishes of the one who is no longer in existence as to the lawful disposition of that which once was his, shall be fully and properly carried out."    See, also, *Will of Reynolds,* 151 Wis. 375, 384, 138 N. W. 1019, and *Schoenwetter v. Schoenwetter,* 164 Wis. 131, 135, 159 N. W. 737.

It is true that in the *Rice Will Case* and in the *Dardis Case* a somewhat different situation existed than in the instant case.    In those cases it was intended to substitute an agreement in the place of the will.    In the instant case the will is given full effect, but the county court is asked to recognize the terms of an agreement which has for its object and purpose a distribution of the testate estate different ·

from that contemplated by the provisions of the will. It would appear quite clearly from the quotation set forth from *Estate of Staab* that it is the duty of the court to distribute the estate in accordance with the terms of the will, and in a final decree entered by the court it becomes its duty to assign the assets in accordance with the provisions of the last will and testament. A distribution not in accordance with the provisions of the will would in effect modify the terms of the will, and this cannot be done. *Estate of Staab,* 166 Wis. 587, 166 N. W. 326.

By what has been said it is not intended to indicate the validity or invalidity of the agreement. The parties interested in an estate have a right, even before final distribution, to make such disposition of their shares, by contract or otherwise, as to them may seem proper, and such disposition may be given legal effect by proper proceedings or in an action in a court of competent jurisdiction.

We hold that the county court is not the proper forum where the validity of such an agreement can be determined or enforced. It is therefore held that the lower court had no jurisdiction of the matter, and that the proceedings must therefore be dismissed.

*By the Court.*—Petition dismissed.