ESTATE OF KUNTZ: NEUMAN, Appellant, vs. KUNTZ, Administrator, Respondent.

*May 10—June 18, 1928.*

The cause was submitted for the appellant on the brief of *Schmitz, Wild & Gross* of Milwaukee, and for the respondent on that of *Churchill, Bennett & Churchill* of Milwaukee.

ROSENBERRY, J.   George E. Kuntz died on March 10, 1919, intestate.   At the time of his death he was in partnership on equal shares with Neuman in conducting the hotel known as the Kirby House in Milwaukee.   He left surviving him as his sole heirs his widow and his six sons and daughters, all of age and competent.   Two days after the death of the deceased they joined in a settlement in the following form:

"Know all men by these presents, that we, the undersigned, E. P. Kuntz, G. G. Kuntz, Meta Stevens, O. H. Kuntz, Elsa Kirwin, and Harry R. Kuntz, being all of the children and all of the heirs at law and, with Bertha Kuntz, grantee herein named, being all of the persons interested in or who have any right to any part or portion of the estate of George E. Kuntz, deceased, parties of the first part, for and in consideration of the sum of one dollar ($1) paid to each of us by Bertha Kuntz, the receipt whereof is hereby acknowledged, and for other good and valuable considerations, have bargained, sold, granted, transferred, assigned and conveyed, and by these presents do bargain, sell, grant, transfer, assign and convey unto Bertha Kuntz, party of the second part, and to her heirs, executors, administrators and assigns, all of our right, title and interest and all of the right, title and interest of each of us, in and to any and all of the personal property and personal estate of which George E. Kuntz died possessed of, owner of or entitled to, and we, and each of us, in consideration of the foregoing, hereby waive any and all of our rights in and to the personal property and personal estate of the said George E. Kuntz, deceased, and do hereby consent that such personal property and personal estate be taken possession of by the said Bertha Kuntz and used, managed and controlled for her exclusive use and benefit, and we hereby waive and discharge any and all claim or claims that may arise in our favor, or in favor of either of us, against any person by reason of the conveyance so made herein to the said Bertha Kuntz.

"In witness whereof we have hereunto set our hands and seals at the city of Milwaukee, Wisconsin, this 12th day of March, 1919.

"(Witnesses.)                    (Signatures and seals.)"

The children conveyed and assigned to the widow all of their interest in the personal property of the estate. The widow has been in possession of the property since March 12, 1919, as sole and absolute owner thereof. The only persons interested in the estate of the deceased are the parties to the settlement agreement. All of the debts and funeral expenses of the deceased have been paid; the partnership debts of the old firm were discharged by the new firm with the consent of creditors. Neuman continued to operate the business with one of the sons, Harry, who had been designated by his mother, the widow, to look after her interest. More than six years after the death of the deceased, one of the sons, Oscar, petitioned the court for the appointment of an administrator of the estate. In the petition it was alleged that the estate consisted of personal property of the value of $2,000. All of the parties to the settlement agreement except Harry joined in the petition. On October 22, 1926, Judge KAREL ordered Neuman and Harry Kuntz to show cause why an administrator should not assume control and management, and why Neuman and Harry should not make an accounting to the administrator. This order was heard November 4, 1926, and the court rendered the following decision on November 8, 1926:

"All of the parties in interest in the Kuntz estate having assigned their right, title and interest to their distributive shares, the court hereby denies the prayer of the petitioner."

A formal order dismissing the order to show cause was entered on November 10, 1926, and notice of entry thereof given on the same date. From this order no appeal was taken. On March 12, 1927, upon the petition of the administrator representing that no accounting had been had of the partnership by the old firm, Judge SHERIDAN entered an *ex parte* order requiring the appellant, as surviving partner, "to render a true and complete inventory of the partnership

property and estate of said firm and of the outstanding liabilities, and to verify the same by his oath as a true and perfect account of the affairs of said partnership," such inventory and account to be rendered within twenty days. In response to said order, Neuman on March 29, 1927, filed his affidavit setting forth the uncontradicted facts as to the family settlement, which have already been set out, alleged acquiescence for more than six years, and set up the proceedings had before Judge KAREL as *res adjudicata*.

*Schoenwetter v. Schoenwetter*, 164 Wis. 131, 159 N. W. 737, seems to be decisive of the issues in this case.

"When a person dies leaving debts and estate, the first claim, after funeral expenses and statutory allowances to the widow and family, is that of his creditors. The widow and next of kin are the equitable owners subject to administration. If they take possession and divide the assets amicably, leaving no unpaid debts or claims upon the estate, no person can question their settlement. They estop themselves, and no other person has any interest. Such settlements are sometimes made, and in Michigan they are rather encouraged than otherwise by the courts." See Gary, Probate Law (3d ed.) § 294*a;* 3 Woerner, Administration (3d ed.) § 566; 11 Ruling Case Law, p. 29, § 15; 6 A. L. R. 555; 38 A. L. R. 759.

In the face of these decisions it is quite apparent that there is no estate for an administrator to administer. The equitable and beneficial owners of the estate have completely and irrevocably disposed of the same. The right which the administrator asserts is a barren one and to vindicate it would be a futile proceeding. In the face of all the facts the petition for the appointment of an administrator should not have been entertained. There was no estate to administer.

*By the Court.*—The order appealed from is reversed, with directions to dismiss the proceeding.