HARRIS, Appellant, vs. TOLLEFSON and others, Respondents.

*April 11—May 9, 1933.*

442

For the appellant there was a brief by *Kaftan, Rahr & Kaftan* of Green Bay, and oral argument by *Robert A. Kaftan.*

For the respondents there was a brief by *George J. Danforth* of Sioux Falls, South Dakota, and *Hougen & Brady* of Manitowoc, and oral argument by *Mr. Danforth* and *Mr. C. E. Brady.*

ROSENBERRY, C. J. Upon this appeal the plaintiff contends that the agreement and deed made pursuant to the arrangement set out in the statement of facts are void as against public policy because it is a scheme to defeat and thwart the will of the testator, and in support of that contention cites *Will of Dardis,* 135 Wis. 457, 115 N. W. 332; *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778; *Estate of Staab,* 166 Wis. 587, 166 N. W. 326; *Graef v. Kanouse,* 205 Wis. 597, 238 N. W. 377; *Taylor v. Hoyt,* 207 Wis. 520, 242 N. W. 141.

The defendants, on the other hand, contend that the arrangement between the parties contemplated the probate of a valid will; that there was no understanding or agreement that the court was to be in any way imposed upon by withholding of information respecting any possible invalidity of the will; that under the will the title to the real estate passed to the plaintiff upon the probate of the will as of the time of his death; that the parties to the agreement and the deed

dealt with their several interests under the will as they had a right to do, citing in support of their contention *Estate of Sipchen,* 180 Wis. 504, 193 N. W. 385; *Newcomb v. Ingram, ante,* p. 88, 243 N. W. 209, 245 N. W. 121, 248 N. W. 171; *Will of Luscombe,* 109 Wis. 186, 85 N. W. 341.

In this case we do not find it necessary to determine whether or not the contract arrangement entered into between the plaintiff and the defendants was void as against public policy. The transaction complained of in the plaintiff's complaint was one which is executed. Although a party to the transaction, the plaintiff now seeks the aid of a court of equity to cancel and rescind it. Manifestly the transaction is not void in the sense of being inoperative. At most it could be only voidable. If the transaction is valid, then all parties are concluded by it. If it is voidable because of illegality, the parties being *in pari delicto,* the law will leave them where it finds them. The principle of law is stated in the Restatement of the Law of Contracts, sec. 598:

"A party to an illegal bargain can neither recover damages for breach thereof nor, by rescinding the bargain, recover the performance that he has rendered thereunder or its value, except as stated in secs. 599–609."

The facts in this case do not bring it within any of the exceptions stated in secs. 599–609. The plaintiff is therefore not entitled to recover and the trial court correctly so held. *Sauerhering v. Rueping,* 137 Wis. 407, 119 N. W 184.

*By the Court.*—Judgment affirmed.